IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS LEE EWEN,)
)
        Plaintiff,)
)
 -vs-)    Civil Action No.   15-1318
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge.

**OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Defendant's Motion for Summary Judgment (ECF No. 10) and granting in part and denying in part Plaintiff's Motion for Summary Judgment. (ECF No. 8).

**I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since August 16, 2007. (ECF No. 6-5, p. 3)  Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on June 3, 2014.  (ECF No. 6-2, pp. 39-66).  On July 11, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act.  (ECF No. 6-2, pp. 23-33). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF No. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Severe Impairments – Step Two

Plaintiff argues that the ALJ erred in finding that his prostate cancer "and its treatment, including bowel incontinence, urinary frequency, incontinency and urgency, and fatigue were not severe impairments." (ECF No. 9, pp. 7-9). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. *Id.* Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §416.920(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

3

When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, the ALJ found that Plaintiff had the following severe impairments: cognitive disorder, anxiety disorder, post-traumatic stress disorder, depression, and substance use disorder (alcoholism). (ECF No. 6-2, pp. 26-27). The ALJ then proceeded to the next steps. *Id.* at pp. 27-32. Thus, Plaintiff was not denied benefits at step two. Rather, the ALJ proceeded beyond step two and determined Plaintiff's residual functional capacity ("RFC"). (ECF No. 6-2, pp. 27-33). Thus, to the extent there is an error at step two, I find it to be harmless such that a remand on this basis is not warranted. *Salles,* 229 Fed.Appx. at 144-145, n. 2.

### C.    VA Rating Decisions

Plaintiff also argues that the ALJ erred in failing to account for and/or discuss his VA rating decisions. (ECF No. 9, pp. 11-13). A decision rendered by the VA is relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir. 1985). Of course, a decision by another governmental agency that an individual is disabled is not binding upon the ALJ. *See,* 20 C.F.R. §§404.1504, 416.904; *see also, Pratts v. Comm'r of Soc. Sec.,* Civ. No. 13-2372, 2015 WL 5139148 at *14 (D.N.J. Sept. 1, 2015); *Alston v. Astrue,* Civ. No. 10-839, 2011 WL 4737605 at *5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart,* 448 F.Supp.2d 595

(D. Del. 2006), *quoting, Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. § 404.1512(b)(1)(v). Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record. *Chambliss,* 269 F.3d at 522 (ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating). Therefore, it is reversible error "where 'the ALJ rejected the V.A. determination solely on the differences between the standard for disability between the V.A. and the SSA, with no analysis of the facts.'" *Pratts,* 2015 WL 5139148 at *15 (internal citations omitted).

In this case, the ALJ stated that he considered the ratings but declined "to afford said disability rating significant weight because the disability standards for Veteran's Administration benefits and Social Security benefits are not analogous. The statutory definition of disability for Social Security purposes is not dependent or related to the disability rating system used by the Veteran's Administration." (ECF No. 6-2, p. 32). This is the sole reason articulated by the ALJ. *Id.* He failed to give any other reason or explanation for rejecting this evidence. As a result, I find the ALJ's conclusory basis for dismissing the VA's decision rating, without any analysis of the same, was error. *Pratts,* 2015 WL 5139148 at *15. Therefore, remand on this issue is warranted.

Since I have determined that remand is warranted on this issue, I need not discuss the remaining issues[1] as those analyses may change on remand. An appropriate order shall follow.

---

[1] The remaining issues are that the ALJ erred in rejecting the opinion of Plaintiff's VA treating/examining physicians and in his assessment of his residual functional capacity. *See*, ECF No. 9, pp. 9-11, 13-14.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS LEE EWEN,)
)
        Plaintiff,)
)
-vs-) Civil Action No. 15-1318
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge.

## ORDER OF COURT

AND now, this 3rd day of November, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is granted in part and denied in part and Defendant's Motion for Summary Judgment (ECF No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                              BY THE COURT:

                                              s/ Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge